UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Fausto Gonzalez,<br>    *Petitioner*,<br><br>        *v.*<br><br>United States of America,<br>    *Respondent.* | Civil No. 3:08cv504 (JBA)<br>Criminal No. 3:02cr07 (JBA)<br><br><br><br>April 19, 2010 |

RULING ON MOTION PURSUANT TO 28 U.S.C. § 2255

Fausto Gonzalez, serving a life sentence after being convicted on three counts for his role in the 1996 murder-for-hire of Teddy Casiano, has filed a motion pursuant to 28 U.S.C. § 2255 attacking his conviction. Gonzalez claims that (1) his lawyer at trial was unconstitutionally ineffective, (2) the Court "err[ed] when it re-charged the jury on the concept of proof beyond a reasonable doubt," and (3) the Court "never allowed the Defendant to have witnesses in his defense." (Mot. Vacate [Doc. # 1] at 6–7.) Gonzalez's claims, which are supplemented by no memorandum of law other than a copy of his appellate brief filed with the Second Circuit,[1] have no merit, and the Court therefore denies his § 2255 motion.

Gonzalez describes the factual basis for his first claim, captioned "Ineffective assistance of counsel," as follows: "Comments made by one of the judge[s] at the oral argument for the appeal on November 19, 2008 for claim of i[n]effective [assistance] of

---

[1] Upon Gonzalez's request, the Court appointed Frank J. Riccio as counsel pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. (End. Order [Doc. # 7], Nov. 10, 2008.) Although the Court granted an extension of time *nunc pro tunc* permitting Attorney Riccio to reply to the Government's response by January 29, 2010 [Doc. # 13], Petitioner never filed such a reply. Because the Court has determined that Gonzalez's claims lack merit, there is no reason to further delay adjudicating Gonzalez's present motion.

counsel under section 2255. Please hear any unexhausted claims that could be a miscarriage of justice." (Mot. Vacate at 6 (citations omitted).) The Court has already rejected Gonzalez's claim of ineffective assistance. In a post-verdict motion, Gonzalez, through new counsel, argued that his trial counsel was deficient in opening the door to damaging testimony. Denying Gonzalez's request for a new trial, the Court held that "counsel's decision to conduct an aggressive cross-examination of [Santiago "Jay"] Feliciano and impeach him with the implausibility of his approaching Gonzalez to commit a murder, is readily seen as a strategic choice falling fully within the range of reasonable competence." *United States v. Gonzalez*, 407 F. Supp. 2d 375, 384 (D. Conn. 2005). On appeal, although the Second Circuit did not address the ineffective–assistance claim (because it was not presented), the panel nevertheless referenced Feliciano's testimony in the context of affirming the decision to admit that testimony after Gonzalez's counsel opened the door. *United States v. Perez*, 256 F. App'x 383, 385–86 (2d Cir. 2007) (summary order affirming conviction). Therefore, Gonzalez's claim of ineffective assistance presents no arguments that the Court has not already considered and found meritless, and his § 2255 motion is denied on this ground.

Gonzalez's second claim also has already been addressed. In its summary order, the Second Circuit held: "Appellant Gonzalez contends that the district court's supplemental jury charge on the issue of reasonable doubt was defective. . . . The district court's charge was a proper statement of the law, and we do not find it misleading in any way." 256 F. App'x at 386. In his § 2255 motion, Gonzalez offers no factual basis or legal authority for reconsideration of this unequivocal determination by the Court of Appeals, asserting merely that "[t]he supporting facts are in the trial minutes." (Mot. Vacate at 6.) Because this claim

raises the same issue that the Second Circuit rejected, it, too, provides no basis for relief pursuant to § 2255.

Finally, Gonzalez contends that he was not allowed to call witnesses in his defense during trial. Again, he supports this claim only by saying that "[t]he supporting facts are in the trial minutes." (Mot. Vacate at 7.) Although he asserts that he would have called five witnesses in his defense, Gonzalez fails to identify these witnesses or to describe what their testimony would have been. Gonzalez similarly fails to point to when or how the Court prevented him from mounting an effective defense. Given such a total absence of any facts offered in support, this claim must fail.

Accordingly, because Gonzalez has not demonstrated that a hearing is necessary to adjudicate his claims, and because his claims either lack factual basis or merit, the Court denies his motion for relief pursuant to 28 U.S.C. § 2255. Because Gonzalez has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2).

                                              IT IS SO ORDERED.

                                          /s/
                                       Janet Bond Arterton, U.S.D.J.

                   Dated at New Haven, Connecticut this 19th day of April, 2010.